UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4437 PSG (SSx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Danny Barrera v. 10535 Lindley LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   **The Court GRANTS Plaintiffs' motion**

Before the Court is a motion for partial summary judgment filed by Plaintiffs Danny Barrera, Ana Eguiluz, and their two minor children S.B. and S.B. by and through their guardian Ana Eguiluz ("Plaintiffs"). *See* Dkt. # 36 ("*Mot.*"). Defendants 10535 Lindley LLC and Prosperity Management Corporation ("Defendants") have not opposed the motion.[1] The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the unopposed motion.

I.   Background

In May 2012, Plaintiffs entered into a lease and moved into the Lindley Parc Apartments. *Plaintiffs' Statement of Undisputed Facts and Conclusions of Law*, Dkt. # 36-2 ("*SUF*"), ¶ 13. At all times since Plaintiffs moved into the complex, Defendant 10535 Lindley LLC ("10535 Lindley") has owned and Defendant Prosperity Management Corporation ("Prosperity") has managed the property. *Id.* ¶¶ 1–2. Further, Claudia Sprock has been employed by Defendant Prosperity as the resident manager. *Id.* ¶ 12.

The lease Plaintiffs signed included house rules for the complex, including the following: **CHILDREN (unless otherwise defined, a child is anyone under 14 years of age)**

2.   An adult must supervise children at all times. Children are not permitted to play in laundry rooms, public balconies, stairways, hallways, elevators or common

---

[1] As this motion was set for hearing on March 11, 2019, Defendants were required to file any opposition no later than February 18, 2019. *See* L.R. 7-9. That date has passed, and Defendants have not filed an opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4437 PSG (SSx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Danny Barrera v. 10535 Lindley LLC | | |

> lobbies. No bicycles, big wheels, skates, and ball playing is allowed on sidewalks, walkways, or in courtyards.
>
> 3. Adult Residents shall be responsible for the supervision and control of all children residing with them on the premises or visiting occupants at the community. Children must obey Management rules and regulations. Adult Resident shall be solely responsible to see that their children and guest obey these rules and regulations. VIOLATION OF THIS PROVISION SHALL CONSTITUTE GROUNDS FOR IMMEDIATE TERMINATION OF THIS APARTMENT LEASE PURSUANT TO PARAGRAPH 4 OF THE RENTAL AGREEMENT.

*Id.* ¶ 4.

Plaintiffs state that during their tenancy, they were afraid to let their children play outside because they feared eviction. *See Mot.* 4:16–17, 4:26–5:3. They kept their children indoors most of the time and only occasionally let them play outside, only to be told that their children could play outside even when they were being supervised. *See id.*

> On one occasion, Sprock sent a text message to Plaintiffs, stating:
> G afternoon, the reason want [sic] to speak with you is a reminder about Community Policies specially [sic] with children as part of the Lease Agreement that you sign when you move in. Sorry for the inconvenience, but it's not safe for your kids to play outside.

*SUF* ¶ 7. In May 2018, S.B. and S.B. were playing outside in the courtyard between the units, with their parents upstairs with the door open, keeping an eye on them. *Mot.* 5:4–12. Even though the children were playing peacefully, Sprock sent Plaintiffs a letter that stated, in relevant part:

> As a kind reminder and part of the community policy all tenants have signed, children cannot be playing and running around making noise, with consideration to other tenants and for their personal safety.

*SUF* ¶ 8. Other tenants have testified that Defendants have not only required children to be supervised in common areas, but also would not let them play outside even with supervision. *Mot.* 5:21–6:21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4437 PSG (SSx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Danny Barrera v. 10535 Lindley LLC | | |

On May 23, 2018, Plaintiffs brought this suit asserting four causes of action against Defendants:

First Cause of Action: Violation of the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 et seq. *Complaint*, Dkt. # 1, ¶¶ 24–25.

Second Cause of Action: Violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 et seq. *Id.* ¶¶ 26–27.

Third Cause of Action: Negligence. *Id.* ¶¶ 28–29.

Fourth Cause of Action: Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. *Id.* ¶¶ 31–32.

Plaintiffs now move for partial summary judgment on the first and second causes of action. *See generally Mot.*

II.     Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4437 PSG (SSx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Danny Barrera v. 10535 Lindley LLC | | |

capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III. Discussion

Plaintiffs move for partial summary judgment on the first and second causes of action, contending that Defendants' rule that requires children to be supervised in common areas (hereinafter the "Supervision Rule") as well as the communications from the resident manager were facially discriminatory against families with children. The Court addresses each cause of action in turn.

    A.    First Cause of Action: Violation of the FHA

Plaintiffs argue that Defendants' Supervision Rule violated § 3604(b) and (c) of the Fair Housing Act.

        *i.*    Section 3604(b)

The FHA makes it unlawful to discriminate the "terms, conditions, or privileges of sale or rental of a dwelling . . . because of . . . familial status[.]" 42 U.S.C. § 3604(b). "Familial status" refers to the presence of minor children in the household. *See id.* § 3602(k).

A plaintiff may assert a claim under § 3604(b) by alleging disparate treatment or disparate impact. *Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008). To bring a disparate treatment claim, the plaintiff must establish a prima facie case that "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to demonstrate a legitimate, non-discriminatory reason for the differential treatment by showing a compelling business necessity and that the defendant had used the least restrictive means to achieve that end. *See id.*; *Budnick*, 518 F.3d at 1116. If the defendant can make this showing, the burden shifts back to the plaintiff, who must show that the proffered reasons were a pretext for discrimination. *Budnick*, 518 F.3d at 1117.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4437 PSG (SSx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Danny Barrera v. 10535 Lindley LLC | | |

A plaintiff may show a prima facie violation of § 3604(b) by establishing the existence of "facially discriminatory rules which treat children, and thus families with children, differently and less favorably than adults-only households." *United States v. Plaza Mobile Estates*, 273 F. Supp. 2d 1084, 1091 (C.D. Cal. 2003) (citing *United States v. Badgett*, 976 F.2d 1176, 1178 (8th Cir. 1992)). Here, Plaintiffs have provided evidence of a facially discriminatory policy. The Supervision Rule, which states that those under the age of 14 are not permitted to play in the common areas of the complex without adult supervision, only applies to children; similar restrictions are not placed on adults. A litany of courts have found that similar use restrictions that applied only to children were facially discriminatory for the purposes of § 3604(b). *See e.g.*, *Iniestra v. Cliff Warren Invs., Inc.*, 886 F. Supp. 2d 1161, 1166 (C.D. Cal. 2012) (holding that a rule requiring children on the premises be always supervised was facially discriminatory); *Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1243 (E.D. Cal. 2009) (finding that a landlord's requirement that all children 10 and under be supervised by an adult while outside was facially discriminatory); *Mathews v. Arrow Wood LLC*, No. EDCV 07-1316 SGL (?x), 2009 WL 8659593, at *6 (C.D. Cal. Apr. 2, 2009) (holding that a rule prohibiting children from playing outside of the apartments to be facially discriminatory); *Plaza Mobile*, 273 F. Supp. 2d at 1091 (finding that a requirement that "all" children "be prohibited from walking around the [mobile home] park" without adult supervision was facially discriminatory).

Therefore, the burden shifts to Defendants to present a legitimate, non-discriminatory reason for the Supervision Rule. As Defendants have entirely failed to respond to Plaintiffs' motion, they have not met this burden.

Accordingly, Plaintiffs have successfully established that the Adult Supervision Rule violates § 3604(b).

       *ii.*     *Section 3604(c)*

Plaintiffs claim that the same rule that forms the basis of Defendants' § 3604(b) violation also violates § 3604(c) of the FHA. In addition, Plaintiffs assert that the text message and letter from Sprock that "reminded" Plaintiffs of the Supervision Rule also violated § 3604(c). The Court agrees.

Section 3604(c) states that the following conduct is illegal:

> To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4437 PSG (SSx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Danny Barrera v. 10535 Lindley LLC | | |

      any preference, limitation, or discrimination based on . . . familial status, . . . or an intention to make any such preference, limitation or discrimination.

This prohibition applies to "all written or oral notices or statements by a person engaged in the sale or rental of a dwelling." 24 C.F.R. § 100.75(b). Unlike § 3604(b), a § 3604(c) claim does not require a burden-shifting analysis. Instead, a statement violates § 3604(c) if it would suggest an improper preference to "an ordinary reader or listener." *Fair Hous. Cong. v. Weber*, 993 F. Supp. 1286, 1290 (C.D. Cal. 1997) (citing *United States v. Hunter*, 459 F.2d 205, 215 (4th Cir.)). Therefore, intent is not a necessary element of a § 3604(c) violation. *See id.*

      Here, an ordinary reader would interpret the rule requiring adult supervision of children under 14 in common areas of the complex to be a limitation on the children, which in turn discriminates against tenants with children. Likewise, the text message and letter sent by Sprock are both expressly aimed at children.[2] In those communications, Sprock reminded Plaintiffs of the Supervision Rule and also stated that "children cannot be playing and running around making noise." *See SUF* ¶¶ 7–8. Although in her messages, Sprock states this rule was for the safety of children and to avoid disrupting other tenants, nothing in these statements explains why children are singled out for this restriction. The numerous cases that Plaintiffs cite support the Court's reading. *See e.g.*, *Iniestra*, 886 F. Supp. 2d at 1169 (finding that rules enforcing some limitation on children's use of apartment facilities "indicate" discrimination and that an ordinary reader of the rules could not interpret them otherwise); *Weber*, 993 F. Supp. at 1290–91 (finding that an ordinary reader would interpret a rule that "Children will not be allowed to play or run around inside the building area at any time because of disturbance to other tenants or damage to building property" to be discriminatory). As Defendants failed to respond to Plaintiffs' motion, they have not offered any alternative meanings to the rule and statements.

      Therefore, the Court finds that the Supervision Rule, as well as Sprock's text message and letter, violate § 3604(c).

---

[2] The fact that resident manager Sprock, not Defendants, made these statements does not change the analysis, because property owners and managers are vicariously liable for discriminatory acts of their employees. *See Weber*, 993 F. Supp. at 1294 (noting that a duty not to discriminate under the FHA is nondelegable and that a property owner is liable for discriminatory acts of employees).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4437 PSG (SSx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Danny Barrera v. 10535 Lindley LLC | | |

    *iii.*    *Conclusion*

In sum, as Plaintiffs have shown that the Supervision Rule and communications from Sprock violated § 3604(b) and (c), and Defendants have not presented any counterarguments in response, the Court **GRANTS** Plaintiffs' motion for partial summary judgment as to the first cause of action.

    D.    Second Cause of Action: Violation of the California's FEHA

California's FEHA provides equivalent, if not greater protections against discrimination. *See Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120, 1150 (C.D. Cal. 2001) ("Generally, California explicitly prohibits its fair housing laws from being construed to provide fewer rights or remedies than the FHA and its implementing regulations."). Given the similar language used in FEHA and FHA, Califonria courts rely on federal housing discrimination laws to interpret analogous provisions of FEHA. *See Alameda v. Fair Emp't Hous. Comm'n*, 153 Cal. App. 3d 499, 504 (1984). Therefore, violations of the FHA also constitute violations of the parallel provisions of FEHA.

Having found that the Supervision Rule as well as communications from Sprock violated the FHA, the Court now finds that they also violate FEHA. Accordingly, the Court **GRANTS** Plaintiffs' motion for partial summary judgment as to the second cause of action.

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** summary judgment in favor of Plaintiffs on the first cause of action for violation of the FHA and the second cause of action for violation of the FEHA.

**IT IS SO ORDERED.**